IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR RAMIREZ,

    Plaintiff,

v.                                                                       Case No. 1:16-cv-01023-MV-LF

SMG, LLC, JAMES HICE (Executive Chef),
CHRISTOPHER CARDENAS (Banquet Coordinator),
CARLOS MARTINEZ (Sous Chef),
GREG YOUNG, JORDAN RIVERA,

    Defendants.

## ORDER SETTING EVIDENTIARY HEARING

THIS MATTER comes before the Court on the Court's Order to Show Cause (Doc. 15) and plaintiff Victor Ramirez's Response to the Order to Show Cause (Doc. 16). Having reviewed the response, the Court will set an evidentiary hearing in the above matter on **Wednesday, March 01, 2017** at **10:00 a.m.,** at the United States Courthouse, 3rd Floor Pecos Courtroom, 333 Lomas Blvd. NW, Albuquerque, New Mexico.

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4, a court must excuse untimely service of process on a showing of good cause. *See* FED. R. CIV. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir. 1995) (holding that Rule 4(m)'s exception is mandatory upon a showing of good cause). "[T]he good cause provision of [Rule 4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."

*Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir. 1994) (internal quotation marks and citations omitted).[1]  A showing of good cause requires at least as much as would be required to show excusable neglect.[2]  *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).  "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."  *Espinoza*, 52 F.3d at 841.  "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendment.

Defendant removed this action on September 14, 2016.  Doc. 1.  At the time of removal, plaintiff had not yet served defendants James Hice, Christopher Cardenas, Carlos Martinez, Greg Young, or Jordan Rivera ("individual defendants").  In removed cases where plaintiff has not

---

[1] Rule 4(j) became Rule 4(m) under the 1993 amendments to the Federal Rules of Civil Procedure. FED. R. CIV. P. 4(m) advisory committee note (1993).  The Tenth Circuit applies the good-cause analysis that it applied in the Rule 4(j) context to Rule 4(m).  *See Espinoza*, 52 F.3d at 841.

[2] According to Black's Law Dictionary, "excusable neglect" is:

> A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.

BLACK'S LAW DICTIONARY 871 (abridged 8th ed. 2005).  Factors used in determining whether a party's neglect is excusable include "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 402 (1993)).  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"  *Pioneer,* 507 U.S. at 392.

served defendants prior to removal, service is to be completed "in the same manner as in cases originally filed in such district court." 28 U.S.C.A. § 1448.  Accordingly, Mr. Ramirez had 90 days, or until December 13, 2016, to serve the individual defendants.  Mr. Ramirez did not serve the individual defendants within 90 days of the notice of removal.  The Court issued an order to show cause requiring Mr. Ramirez to show good cause why he had not served the individual defendants within 90 days as required by Federal Rule of Civil Procedure 4(m).  Doc. 15.

In response to the order to show cause, Mr. Ramirez attempts to justify his failure to serve the individual defendants because they are aware of the pending action—as they are in contact with counsel for SMG—but SMG is not willing to provide addresses to him.  *Id*. at 2.  Actual notice is not equivalent to a showing of good cause.  *Despain*, 13 F.3d at 1439.  "The relevant standard under Rule 4(j) is not whether defendants do or do not have 'actual knowledge' of a suit in which they are named.  The standard is whether plaintiffs have shown 'good cause' for their failure."  *Id.*

Mr. Ramirez also requests that the Court direct defendant SMG's counsel to provide information with regard to the individual defendants to effect service.  *Id.*  The Court is not inclined to entertain a request for relief without a motion made pursuant to Federal Rule of Civil Procedure 7(b)(1) (requiring that a motion must be in writing unless made during a hearing or trial) and Local Rule 7.1(a) (requiring that a motion be in writing and that the movant must determine whether a motion is opposed).

Mr. Ramirez explains that he has limited funds and cannot afford a private investigator.  He has made "individual inquires" into the addresses of the individual defendants to no avail.  Doc. 16 at 1.  Ramirez does not, however, provide sufficient evidence that he has been meticulous in his efforts to comply with the rule.

IT IS THEREFORE ORDERED that the Court will hold an evidentiary hearing in the above matter on **Wednesday, March 01, 2017** at **10:00 a.m.,** at the United States Courthouse, 3rd Floor Pecos Courtroom, 333 Lomas Blvd. NW, Albuquerque, New Mexico.  Mr. Ramirez should be prepared to present evidence to support a finding of good cause for his failure to serve the individual defendants, or show that there is a justifiable reason for the Court to exercise its discretion to lengthen the time for effectuating service.

_____
Laura Fashing
United States Magistrate Judge