IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR RAMIREZ,

    Plaintiff,

v.                                                           CV 16-1023 MV/LF

SMG, LLC, JAMES HICE (Executive Chef),
CHRISTOPHER CARDENAS (Banquet Coordinator),
CARLOS MARTINEZ (Sous Chef),
GREG YOUNG, JORDAN RIVERA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion to Dismiss [Doc. 9] filed by SMG. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

In October of 2012, Plaintiff Victor Ramirez filed a Charge of Discrimination against his employer, SMG. Doc. 12 at 1. On April 23, 2013, he filed an Amended Charge of Discrimination. Id. at 2. On August 4, 2015, the EEOC issued Plaintiff a right to sue letter. Id. At that point, Plaintiff had 90 days within which to file an action in court on his discrimination claims. Id.

Within the 90-day statutory period, on November 3, 2015, Plaintiff commenced an action in the Second Judicial District Court of the State of New Mexico, Bernalillo County, alleging that he was subject to discrimination in violation of federal and state laws by his employer and

1

individuals who worked for that employer. Doc. 1-1. Although Plaintiff's employer is SMG, the Complaint names "SMG, LLC," an entirely unrelated entity, as Defendant.

After filing the Complaint, "Plaintiff's attorney lost contact with the Plaintiff and no attempt to serve the Complaint on the Defendants was made until contact was reestablished in August 2016." Id. After determining that Plaintiff did, in fact, wish to continue with his action, on August 18, 2016 – nine months after the action was commenced – Plaintiff's attorney mailed a copy of the Complaint to SMG "for the purposes of effecting service." Id. at 2, Doc. 1-2. SMG received the Complaint on August 23, 3016. Doc. 1 at ¶ 3. Plaintiff never served any of the individual Defendants. Doc. 12 at 2.

On September 14, 2016, SMG removed the action to this Court. Doc. 1. SMG then filed the instant motion to dismiss Plaintiff's claims in their entirety. Doc. 9. On October 21, 2016, Plaintiff filed a response in which he agreed that his federal claims against the individual Defendants should be dismissed, but argued that his state claims against the individual Defendants and all of his claims against SMG remain viable. Doc. 12. On March 7, 2017, Plaintiff filed a Notice of Voluntary Dismissal under Rule 41 of the Federal Rules of Civil Procedure, dismissing all of his claims against the individual Defendants. Doc. 20. It thus remains for this Court to determine the merits of SMG's motion to dismiss Plaintiff's claims against SMG.

**DISCUSSION**

SMG argues that because the Complaint fails to name it as a party to this lawsuit, the Complaint fails to state a claim upon which relief can be granted against SMG. SMG further argues that the Complaint must be dismissed on this basis, because the 90-day limitations period for Plaintiff to file an action ran in November 2015, and thus amendment of his Complaint would

be futile. Plaintiff acknowledges that he did not properly name SMG as Defendant, and that the statute of limitations bars him from commencing an action on his discrimination claims. He contends, however, that his failure to name the proper party is a "minor discrepancy," that SMG had notice of this action and thus is not prejudiced by the discrepancy, and that under Rule 15(c) of the Federal Rules of Civil Procedure, he should be permitted to file an amended complaint, properly naming SMG as Defendant, and have that amended complaint "relate back" to November 3, 2015, the date on which the original Complaint was filed.

The Court need not opine as to the severity of Plaintiff's mistake concerning SMG's identity or the prejudice caused to SMG as a result thereof, as the plain language of Rule 15(c) dictates the outcome of SMG's motion. Specifically, Rule 15(c) provides:

> **(c) Relation Back of Amendments.**
>
> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). By its terms, Rule 15(c)(1)(C) requires that, in order for an amended complaint to relate back, Plaintiff must demonstrate that the party who is to be brought in by

3

amendment received notice of the action, and knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity, "within the period provided by Rule 4(m) for serving the summons and complaint." *Autry v. Cleveland Cty. Sheriff's Dep't*, No. 15-cv-1167, 2018 WL 846093, at *7 (W.D. Okla. Feb. 12, 2018). In turn, Rule 4(m) provides that a defendant must be served within 90 days after a complaint is filed. Fed. Civ. P. 4(m).

It is undisputed that SMG did not receive notice of the instant action within 90 days after the Complaint was filed. Specifically, Plaintiff admits that he did not serve a copy of the Complaint on SMG until his counsel mailed it on August 18, 2016, and that SMG received the Complaint on August 23, 2016 – nine months after the action was commenced on November 3, 2015. Accordingly, because SMG did not receive notice of the action "within the time limit for service of the Complaint, Rule 15(c)(1) does not apply, and relation-back is not authorized." *Id.* It follows that any amendment of Plaintiff's Complaint to name SMG would not relate back to the original date of filing, and thus would run afoul of the statute of limitations. Under these circumstances, allowing Plaintiff to amend his Complaint to name SMG would be futile.

## CONCLUSION

SMG is not named as a Defendant in this action. Allowing Plaintiff to amend the Complaint to properly name SMG as a party would be futile, as the limitations period for his discrimination claims has already run. Further, because SMG did not receive notice of this action within the time period proved by Rule 4(m) for serving the summons and complaint, amendment of Plaintiff's Complaint would not relate back to the original filing date. For these reasons, dismissal of Plaintiff's claims against SMG is warranted.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss [Doc. 9] filed by SMG is **GRANTED**.

DATED this 27th day of March, 2018.

_____
MARTHA VÁZQUEZ
United States District Judge